CSD 1160 [05/15/03]
Name, Address, Telephone No. & I.D. No.
**KERRY A. MOYNIHAN, #250571**
**MALCOLM ♦ CISNEROS, A Law Corporation**
**2112 Business Center Drive, 2nd Floor**
**Irvine, California 92612**
**(949) 252-9400 (TELEPHONE)    (949) 252-1032 (FACSIMILE)**

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

In Re
**EDWARD S. PALMA and ESTARLINA N. PALMA,**

Debtors.

BANKRUPTCY NO. **10-06826-LA7**

**BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING LP, and its successors and/or assignees,**

Moving Party

RS NO. **KAM-1**

**EDWARD S. PALMA and ESTARLINA N. PALMA, Debtors, and GREGORA A. AKERS, Trustee,**

Respondent(s)

## MOTION FOR RELIEF FROM AUTOMATIC STAY
☒ **REAL PROPERTY**    ☐ **PERSONAL PROPERTY**

Movant in the above-captioned matter moves this Court for an Order granting relief from the automatic stay on the grounds set forth below:

1. A Petition under Chapter ☒ 7  ☐ 11  ☐ 12  ☐ 13 was filed on **4/25/10**.

2. Procedural Status:
   a. ☒ Name of Trustee Appointed *(if any)*:    **GREGORA A. AKERS**

   b. ☐ Name of Attorney of Record for Trustee *(if any)*:

   c. ☐ *(Optional)* Prior Filing Information:
      Debtor has previously filed a Bankruptcy Petition on: _____.
      If applicable, the prior case was dismissed on: _____.

   d. ☐ *(If Chapter 13 case):* Chapter 13 plan was confirmed on _____ or a confirmation hearing is set for _____.

   Movant alleges the following in support of its Motion:

1. ☒ The following real property is the subject of this Motion:
   a. Street address of the property including county and state:
      **2006 MOUNT BULLION DRIVE**
      **CHULA VISTA, CA 91913**

   b. Type of real property (e.g., single family residence, apartment building, commercial, industrial, condominium, unimproved):

      **Single family residence**

   c. Legal description of property is attached as Exhibit A.

CSD 1160

  d. If a chapter 11 or 13 case and if non-payment of any post-petition payment is ground for relief, attach the accounting required by Local Bankruptcy Rule 4001-2(a)(4) as Exhibit B.

  e. *Fair market value of property as set forth in the Debtors' Schedules:  $**315,000.00**             .

  f. *Nature of Debtors' interest in the property:

  **Owners**

2. ☐  The following personal property is the subject of this Motion *(describe property)*:

  a. Fair market value of property as set forth in the Debtors' Schedules:  $                              .

  b. Nature of Debtors' interest in the property:

3. *Fair market value of property according to Movant:$                            .

4. *Nature of Movant's interest in the property: **Secured Creditor holding a First Note and Deed of Trust on the subject property.**

5. *Status of Movant's loan:

  a. Balance owing on the date of Order for Relief: $**357598.37**
  b. Amount of monthly payment: $**1,679.70**
  c. Date of last payment: **4/15/2009**
  d. If real property,
   i. Date of default: **5/1/2009**
   ii. Notice of Default recorded on: **10/2/2009**
   iii. Notice of Sale published on: **3/15/2010**
   iv. Foreclosure sale currently scheduled for: **4/6/2010**
  e. If personal property,
   i. Pre-petition default: $                         No. of months:                      
   ii. Post-petition default: $                         No. of months:                      

6. *(If Chapter 13 Case, state the following:)*
  a. Date of post-petition default:                           
   Amount of post-petition default: $                         

7. Encumbrances:
  a. Voluntary encumbrances on the property listed in the Schedules or otherwise known to Movant:

| Lender Name | Principal Balance | *(IF KNOWN)* Pre-Petition Arrearages Total Amount - # of Months: | | Post-Petition Arrearages Total Amount - # of Months | |
|---|---|---|---|---|---|
| 1st: **BAC HOME LOANS** | $357,598.37 | $20,156.40 | 12 | $5,039.07 | 3 |
| 2nd: **BAC Home Loan Servicing, LP** | $86,000.00 | | | | |
| 3rd: | | | | | |
| 4th: | | | | | |
| Totals for all Liens: | $443,598.37 | $20,156.40 | 12 | $5,039.07 | 3 |

  b. Involuntary encumbrances of record (e.g., tax, mechanic's, judgment and other liens, lis pendens) as listed in the schedules or otherwise known to Movant:
   ☐ **See attached page, if necessary.**

*Separately filed Declaration required by Local Bankruptcy Rule 4001-2(a)(5).

**CSD 1160**

8. Relief from the automatic stay should be granted because:

    a. ☒ Movant's interest in the property described above is not adequately protected.

    b. ☒ Debtor has no equity in the ☒ real property ☐ personal property described above and such property is not necessary to an effective reorganization.

    c. ☐ The property is a "single asset real estate", as defined in 11 U.S.C. § 101(51B), and 90 days (or ____ days as ordered by this court) have passed since the entry of the order for relief in this case, and

        i. The Debtor/Trustee has not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; and

        ii. The Debtor/Trustee has

            (1) ☐ not commenced monthly payments to each creditor whose claim is secured by the property (other than a claim secured by a judgment lien or by an unmatured statutory lien), or

            (2) ☐ commenced payments, but such payments are less than the amount equal to interest at a current fair market reate on the value of each creditors' interest in the property.

    d. ☒ *Other cause exists as follows *(specify):* ☐ See attached page.
        **The Debtors is surrendering the property as stated in the Debtors' Statement of Intent attached as Exhibit "F."**

Movant attaches the following:

1. ☒ Other relevant evidence:

    **Debtors' Schedules as Exhibit "E"**
    **Debtors' Statement of Intent "F"**
    **An Assignment of Deed of Trust as Exhibit "G"**

2. ☐ *(Optional)* Memorandum of points and authorities upon which the moving party will rely.

WHEREFORE, Movant prays that this Court issue an Order granting the following:

☒ Relief from the automatic stay to allow BAC HOME LOANS to enforce its rights and remedies under its Note and Deed of Trust.

☒ Other: **BAC HOME LOANS requests a waiver of the 14-day stay provided by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure.**

Dated: **July 9, 2010**

                                      */S/ KERRY A. MOYNIHAN*
                                      [Attorney for] Movant,

SHM/BAC/m64978

* Separately filed Declaration required by Local Bankruptcy Rule 4001-2(a)(5).

CSD 1160